**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 22-cr-160-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    RAUL GUERRERO,
2.    **ISAAC HINOJOSA**, and
3.    ERNESTO MORAN,

    Defendants.

---

**ORDER DENYING DEFENDANT'S MOTION TO PRODUCE *GIGLIO* MATERIAL**

---

Defendant Isaac Hinojosa ("Defendant") is charged in a two-count Indictment (ECF No. 1) with one count of conspiracy to distribute and possess with the intent to distribute 50 grams and more of methamphetamine (actual) and 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 802, 841, and 851. (*Id.* at 1.) Only Ernesto Moran, one of Defendant's alleged co-conspirators, is charged in the Indictment's second count. (*Id.* at 2.)

Now before the Court is Defendant's Motion to Produce *Giglio* Material ("Motion"). (ECF No. 80.) The Government filed a response, and Defendant has filed a reply. (ECF Nos. 88, 91.) For the reasons explained below, the Motion is denied.

**I. BACKGROUND**

Defendant does not assert that the Government has violated its disclosure

obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972).  Rather, he urges the Court to use its discretion to set what is functionally a discovery deadline, requiring the Government to disclose any impeachment evidence related to its intended witnesses at least 30 days prior to trial. (ECF No. 80 at 7.)  In this way, the Motion is less about the production of *Giglio* material than a request for a discovery deadline.  The parties agree the Court has discretion over whether to set such a deadline.  (*See* ECF No. 91 at 3.)

## II. ANALYSIS

In *Brady v. Maryland*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  373 U.S. at 87.  "Impeachment evidence as well as exculpatory evidence falls within the *Brady* rule."  *United States v. Young*, 45 F.3d 1405, 1408 (10th Cir. 1995) (citing *Giglio*, 405 U.S. at, 154).

*Brady* material must be disclosed to a defendant with enough time for him to make use of it for his defense.  *See United States v. Scarborough*, 128 F.3d 1373, 1376 (10th Cir. 1997).  The precise timing of this disclosure depends on the nature of the *Brady* evidence.  *Id*.  For example, exculpatory evidence that requires investigation for the defense to properly use must be disclosed in advance of trial.  *See United States v. Burke*, 571 F.3d 1048, (10th Cir. 2009); *see also United States v. Devin*, 918 F.2d 280, 290 (1st Cir. 1990) (explaining that a *Brady* violation would occur if delayed disclosure altered defense strategy and timely disclosure would likely have resulted in a more effective strategy).  However, "pure *Giglio* impeachment evidence . . . usually does not

2

require substantial time to prepare for its effective use at trial." *United States v. Lujan*, 530 F. Supp. 1224, 1256 (D.N.M. 2008).

Defense counsel explains that "[i]n a different criminal case occurring more than a year ago, undersigned counsel learned that the policy of both the Department of Justice (DOJ) and the U.S. Attorney's Office for the District of Colorado was to <u>request</u> *Giglio* material no sooner than three weeks before a jury trial." (ECF No. 80 at 4 (emphasis in original).)  Defendant asserts "[a]llowing a policy of this type to continue will inevitably . . . lead to a flurry of last-minute litigation in a large number of trials." (*Id.* at 5.)  Instead, he argues the Government's *Brady* and *Giglio* disclosure obligations should be interpreted broadly to encourage members of the U.S. Attorney's Office to fulfill their duty to learn of favorable evidence known to others acting on the Government's behalf in its case against the Defendant.  (*Id.* (quoting *United Stats v. Combs*, 267 F.3d 1167, 1174–75 (10th Cir. 2001).)

The Government responds that it is aware of its ongoing disclosure obligations and "intends to disclose *Giglio* material as soon as it is available and disclosure is practicable." (ECF No. 88 at 3.)  It argues that it has not yet decided which potential witnesses it will call at trial, and imposing a 30-day disclosure deadline necessarily imposes an even earlier deadline for selecting its witnesses. (*Id.* at 3–4.)  Further, the Government argues the Motion is premature because Defendant assumes *Giglio* material that is ultimately disclosed will require investigation. (*Id.* at 4.)  If this is ultimately the case, the Government argues Defendant can file a non-speculative motion based on concrete prejudice. (*Id.*)

The Court is not convinced by Defendant's policy arguments.  *Brady* and *Giglio*

are disclosure rules, not discovery rules. *Lujan*, 530 F. Supp. 2d at 1256 (citing *United States v. Higgins*, 75 F.3d 332, 335 (7th Cir. 1996)).  Of course, the Government should not be encouraged to push the envelope and risk a due process violation, *see Burke*, 571 F.3d at 1054; but despite Defendant's warning of a "flurry" of *Brady* and *Giglio* motions resulting from the Government's standard practice, he has not cited any case since the prior case his counsel was involved in more than a year ago in which this issue arose.  (*See* ECF No. 80.)  At this time, the Court sees no reason to question the Government's representation that it is aware of and intends to comply with its disclosure obligations.

Accordingly, for the reasons stated, the Court ORDERS that Defendant's Motion to Produce *Giglio* Material (ECF No. 80) is DENIED.

Dated this 11th day of August, 2023.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge

4